**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JUDITH WATERHOUSE,

Appellant,

v.                                                    Case No. 8:14-cv-02794-EAK

WELLS FARGO HOME MORTGAGE,
AND WELLS FARGO BANK, N.A.,

Appellees.

_____/

## ORDER ON APPEAL FROM FINAL ORDER OF DISMISSAL BY THE U.S. BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA

THIS CAUSE is before the Court on Appellant's, Judith Waterhouse ("Waterhouse"), appeal from a Final Order to dismiss her complaint by the U.S. Bankruptcy Court and Appellees', Wells Fargo Home Mortgage and Wells Fargo Bank, N.A. ("Wells Fargo"), Response Brief. For the reasons hereinafter stated, the Final Order of the U.S. Bankruptcy Court to dismiss Appellant's complaint is affirmed.

## PROCEDURAL BACKGROUND

Appellant, Waterhouse, filed this appeal on December 28, 2014 in the United States District Court, Middle District of Florida, Tampa Division (Doc. 10) alleging that the United States Bankruptcy Court erred in dismissing her adversary complaint because it stated adequate facts to support the claims made. The Appellees, Wells Fargo, filed a Response Brief in Opposition (Doc. 15) to the appeal February 20, 2015. The following facts are set out only for the purposes of resolving the appeal before the Court based on the briefs of the parties in regards to the Appellant's adversary complaint.

1

## STATEMENT OF THE FACTS

Waterhouse obtained a mortgage on her home through Wells Fargo and Wachovia Bank, which Wells Fargo refinanced in 2006 into an interest-only payment, adjustable rate mortgage in the amount of $220,000. Waterhouse, being a disabled senior on a low fixed income, struggled to keep up with the payment of the mortgage. Waterhouse filed for Chapter 7 bankruptcy in June 2009 with the stated intention to keep her home.

The automatic stay was in effect during the bankruptcy proceeding from June 30, 2009 to October 6, 2009 to protect Waterhouse from her creditors' attempts to collect their debts. Waterhouse continued to make mortgage payments to Wells Fargo during this time in order to keep her home, but the payment was too high so she requested a loan modification. Wells Fargo responded on September 15, 2009 stating that the request was still under review but that they advised Waterhouse to (1) continue making monthly mortgage payments; (2) be aware that if her mortgage was in default it would remain in default; and (3) understand that all normal collection/foreclosure/bankruptcy processes might continue uninterrupted in this time period.

On October 6, 2009, Waterhouse received a bankruptcy discharge from her Chapter 7 filing. Wells Fargo then sent another letter on November 17, 2009, identical to the one sent in September 2009, stating that Waterhouse's loan modification request was still under review.

Waterhouse continued to make monthly mortgage payments until August 2013, at which time Waterhouse defaulted under the Note and Mortgage. Wells Fargo filed a mortgage foreclosure action seeking to foreclose on the property on January 22, 2014.

Waterhouse then reopened the Chapter 7 proceeding and filed an Adversary Complaint on May 7, 2014 against Wells Fargo. The United States Bankruptcy Court dismissed Waterhouse's complaint, denied a rehearing or a mistrial, and Waterhouse has appealed asking this Court to accept her complaint.

## DISCUSSION

### A.  Motion to Dismiss for Failure to State a Claim

To survive a Motion to Dismiss, a plaintiff must plead "more than labels and conclusions, and a mere formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Bankruptcy courts must dismiss adversary complaints that do not contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Fed. R. Bankr. P. 7008 (incorporating Rule 8 of the Federal Rules of Civil Procedure); Fed. R. Civ. P. 8(a)(2)). The court may also consider exhibits attached to the complaint which are central to a plaintiff's claim. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F. 3d 1364, 1368 (11th Cir. 1997).

### 1.  Count I – Violation of the Automatic Stay

The issue here is whether Waterhouse pleaded sufficient facts in her complaint to show that Wells Fargo plausibly violated the Automatic Stay that took effect upon Waterhouse's filing of bankruptcy on June 30, 2009, pursuant to 11 U.S.C. § 362(a). This self-executing stay prohibits most creditors from continuing with collection activities. *Id.* To prove a violation of the automatic stay, a debtor must show that the defendant engaged in willful conduct to collect a debt with knowledge of the bankruptcy filing. *In re Boscia*, 237 B.R. 184, 188 (Bankr. M.D. Fla. 1998).

In *Redmond v. Fifth Third Bank*, 624 F.3d 793 (7th Cir. 2010), the debtor requested a letter from his bank and then contended that the bank's response violated the automatic stay. The Seventh Circuit affirmed the bankruptcy court's decision that the creditor sending a letter in response to an inquiry from the debtor was not an attempt to collect payment and, therefore, did not violate the automatic stay. *Id.*

Similarly here, Waterhouse alleges that the willful violation of the automatic stay was Wells Fargo's September 2009 letter stating that her loan modification request was still under review. Waterhouse states that Wells Fargo attempted to collect a debt with the language in the letter encouraging her to "continue to make monthly mortgage payments," and that "all normal collection/foreclosure/bankruptcy processes may continue uninterrupted during this time period."

The September 2009 letter from Wells Fargo does not violate the automatic stay because the language does not show a willful attempt to collect debt from Waterhouse. Rather, the letter was a response to the loan modification request from Waterhouse and the language quoted by the complaint is merely boilerplate language stating that the status quo continues. Therefore, the bankruptcy court's dismissal of Count I is affirmed.

## 2. Count II – Violation of the Discharge Injunction

The issue here is whether Waterhouse pleaded sufficient facts to show that Wells Fargo plausibly violated the Discharge Injunction created pursuant to 11 U.S.C. § 524(a)(2). The effect of a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor . . ." *Id.* Section 524(a)(2) applies to an act to collect or recover a discharged debt as a

"personal" liability of the debtor. *Id.* However, Section 524(a)(2) does not prevent a post-discharge foreclosure of a lien since foreclosure is an in rem action. *In Rem Annen*, 246 B.R. 337, 340-41 (B.A.P. 8th Cir. 2000).

In this case, the letters from Wells Fargo are not attempts to collect a discharged debt but to pursue the bank's rights to enforce the lien Wells Fargo holds on Waterhouse's home.

In addition, subsection 524(j) provides a "safe harbor" for the creditor if they meet three conditions: (1) if the creditor retains a security interest in real property that is the principal residence of the debtor; (2) if such act by the creditor is in the ordinary course of business between the creditor and the debtor; and (3) if the creditor's act is limited to seeking periodic payments associated with a valid security interest. 11 U.S.C. § 524(j).

Here, Wells Fargo does indeed hold a security interest in Waterhouse's home, which is real property and Waterhouse's principal residence. The form letters, the filing of the complaint, and the issuance of the summons of the foreclosure is seeking the periodic mortgage payments are within the ordinary course of business between Wells Fargo and Waterhouse. The bankruptcy court did not err in stating that the language of these documents need not be pristine in describing the debtor's rights when the underlying effort of the documents is not to collect the discharged debt. Therefore, the bankruptcy court's dismissal of Count II is also affirmed.

## CONCLUSION

In regard to Count I, Waterhouse needed to show that Wells Fargo willfully engaged in conduct to collect debt with knowledge of the bankruptcy filing. Waterhouse did not plead sufficient facts to show that it was plausible that Wells Fargo engaged in such

conduct and therefore Count I is dismissed. In regard to Count II, Waterhouse needed to show that it is plausible that Wells Fargo violated the discharge injunction pursuant to 11 U.S.C. § 524(a)(2). This standard was not met because the communications that Waterhouse claimed to be violations, were within Wells Fargo's rights as lienholder to the property. Also 11 U.S.C. § 524(j) creates a "safe harbor" for Wells Fargo to seek payment for their lien. Therefore Count II is dismissed.

Accordingly it is:

    **ORDERED** that Appellees' Motion to Dismiss for failure to state a claim be **AFFIRMED.** The Clerk of Court is **DIRECTED** to enter judgment for appellees and to close this case.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 23rd day of June, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.